Filed 8/20/24  P. v. Ojendis CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARLOS GARCIA OJENDIS,<br><br>    Defendant and Appellant. | 2d Crim. No. B331751<br>(Super. Ct. No. NA120228)<br>(Los Angeles County) |

Carlos Garcia Ojendis appeals the judgment entered after a jury convicted him of robbery (Pen. Code, § 211), flight from a peace officer (§ Veh. Code, § 2800.2), and resisting an executive officer (Pen. Code, § 69).  In a bifurcated proceeding, the trial court found true a strike allegation and several aggravating factors.  The court sentenced him to an aggregate terms of 11 years and four months.[1]

---

[1] The trial court sentenced appellant to an eight month term in a different case on the same day.  We affirmed the

Appellant asks us to review the sealed records of the in camera hearing on his pre-trial *Pitchess* motion. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).) *Pitchess* "allow[s] criminal defendants to seek discovery from the court of potentially exculpatory information located in otherwise confidential peace officer personnel records. If a party bringing what is commonly called a *Pitchess* motion makes a threshold showing, the court must review the records in camera and disclose to that party any information they contain that is material to the underlying case. (See Evid. Code, §§ 1043, 1045.)" (*People v. Superior Court* (2015) 61 Cal.4th 696, 705.) We review *Pitchess* motion rulings for abuse of discretion. (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.)

Appellant filed a motion for discovery of police department records under both *Pitchess* and *Brady v. Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215]. The motion sought records related to the credibility of three potential witnesses identified by the prosecution: Detective Scott Coffee, Officer Ryan Vint, and Officer Dawana Killingsworth of the Los Angeles Police Department (LAPD). LAPD opposed the motion as to Vint only. After reviewing potentially discoverable records of all three in chambers, the court ordered some of them produced to defense counsel subject to a protective order. Detective Coffee later testified at trial about surveillance footage linking appellant to the robbery. Vint and Killingsworth did not testify.

After reviewing the sealed transcripts of the in camera hearing, we are satisfied that the trial court did not abuse its discretion. (See *People v. Samayoa* (1997) 15 Cal.4th 795, 827

conviction in *People v. Garcia Ojendis* (Apr. 12, 2024, B331797) [nonpub. opn.].

2

["Our independent in camera review . . . reveals no materials so clearly pertinent to the issues raised by the *Pitchess* discovery motion that failure to disclose them was an abuse of *Pitchess* discretion"].)

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


CODY, J.


We concur:


GILBERT, P. J.


BALTODANO, J.

James D. Otto, Judge
Superior Court County of Los Angeles
_____

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, John Yang, Deputy Attorney General, for Plaintiff and Respondent.